1998 OK CR 64

**Charles F. TAYLOR, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–96–1102.**

Court of Criminal Appeals of Oklahoma.

Dec. 1, 1998.

## ORDER REMANDING FOR EVIDENTIARY HEARING

¶ 1 Charles F. Taylor, Appellant, by and through his attorneys, James Drummond and Alexandra B. Fensterer, filed an application and addendum respectively, for an evidentiary hearing in conjunction with his direct appeal to investigate his allegations of ineffective assistance of counsel. *See* Rule 3.11(B)(3)(b), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (1988). In his application, Appellant argues trial counsel failed to investigate, identify, evaluate, develop and/or otherwise present evidence to, among other things, (1) raise a *Batson/J.E.B.* claim; (2) move to disqualify the District Attorney's Office on the grounds

of bias and partiality; (3) support Appellant's defense of voluntary intoxication; (4) provide effective cross-examination; and (5) offer available second stage mitigation evidence. Appellant also claims trial counsel failed to seek continuances in order to insure adequate time to prepare for a capital trial. In support of his claim of ineffective assistance of counsel, Appellant has submitted twenty-one affidavits and several exhibits.

¶ 2 Rule 3.11(B)(3)(b) provides in pertinent part:

(b) When an allegation of the ineffective assistance of trial counsel is predicated upon an allegation of failure of trial counsel to properly utilize available evidence or adequately investigate to identify evidence which could have been made available during the course of the trial, and a proposition of error alleging ineffective assistance of trial counsel is raised in the brief-in-chief of Appellant, appellate counsel may submit an application for an evidentiary hearing, together with affidavits setting out those items alleged to constitute ineffective assistance of trial counsel. This Court will utilize the following procedure in adjudicating applications regarding ineffective assistance of trial counsel based on evidence not in the record:

(i) In order to rebut the strong presumptions of regularity of trial proceedings and competency of trial counsel, **the application and affidavits must contain sufficient information to show this Court by clear and convincing evidence there is a strong possibility trial counsel was ineffective for failing to utilize or identify the complained-of evidence.**

(ii) If this Court determines such a strong possibility exists, it shall remand the matter to the trial court for an evidentiary hearing, utilizing the adversarial process, and direct the trial court to make findings of fact and conclusions of law solely on the issues raised in the application.

(iii) Upon remand, the trial court shall conduct an evidentiary hearing within thirty (30) days from the date of remand. In that hearing, the trial court shall make written findings of fact and conclusions of law to be submitted to this court within thirty (30) days of the evidentiary hearing. **The findings of fact and conclusions of law shall determine the availability of the evidence or witness, the effect of the evidence or witness on the trial court proceedings; whether the failure to use a witness or item of evidence was trial strategy, and if the evidence or witness was cumulative or would have impacted the verdict rendered.**

(iv) The findings of fact and conclusions of law of the trial court shall be given strong deference by this Court in determining the proposition raised by appellate counsel; however, this Court shall determine the ultimate issue whether trial counsel was ineffective.

(Emphasis added).

¶ 3 In order to meet the "clear and convincing" standard set forth above, Appellant must present this Court with evidence, not speculation, second guesses or innuendo. This requirement of setting forth evidence does not include requests for more time to develop and investigate information that was readily available during trial preparation. Under the provisions of Rule 3.11, an Appellant is afforded a procedure to have included in the record for review on appeal evidence which was known by trial counsel but not used or evidence which was available but not discovered by counsel. It is not a procedure for post-trial discovery.

¶ 4 Applying this standard to Appellant's application, we find that two of the ten claims warrant an evidentiary hearing. Only in his fourth and fifth claims does Appellant set forth sufficient evidence showing a strong possibility trial counsel was ineffective. In his fourth claim, Appellant asserts that trial counsel was ineffective for failing to employ psychologist Bill Sharp earlier in his trial preparation, and once employed, failed to maximize Dr. Sharp's expert assistance. In a supporting affidavit, Dr. Sharp states he was hired less than one month prior to trial, upon being told by defense counsel it was an "emergency request." Dr. Sharp states that he first interviewed Appellant two days be-

fore trial, and met with Appellant again the first two days of trial. He further states he did not have the records from the substance abuse treatment facility Appellant attended in Stillwater, Oklahoma, records which indicate a history of blackouts and numerous driving under the influence arrests. Dr. Sharp states this evidence would have been of value to Appellant in the first stage of trial in order to illuminate his behavior, in terms of his *mens rea*, during the shootings. Dr. Sharp states that no attempt was made by trial counsel to utilize his findings during the first stage of trial. Dr. Sharp concludes his affidavit by stating the lack of time to prepare, or to consult with trial counsel, "made an adequate and accurate mitigation case difficult, and with more time and ability to evaluate the facts of this crime, I feel I would have recommended my involvement at first stage as well." (Exhibits C & C–2). The evidence, as set forth in Appellant's claim, and as supported in Dr. Sharp's affidavit, provide clear and convincing evidence there is a strong possibility that trial counsel was ineffective in failing to hire Dr. Sharp earlier in his trial preparation and utilizing Dr. Sharp effectively in developing his trial strategy.

¶ 5  In his fifth claim, Appellant contends he was poorly prepared to testify by trial counsel and that counsel's anger at his failure to demonstrate sufficient remorse influenced counsel in withholding mitigation testimony of ready and willing witnesses. In a supporting affidavit, Karen Billing, the Investigator assigned to Appellant's case, gives a chronology demonstrating the lack of preparation in this case. Ms. Billing states that Appellant was not adequately prepared to testify in either stage of trial, and consequently Appellant declined to testify at all in the second stage. Ms. Billing states that lead defense counsel, Mr. John T. Elliot,

appeared to be exasperated and upset by this decision and other than the psychologist, Dr. Bill Sharp, no additional witnesses were called in the second stage. Ms. Billing also states that she managed to secure a number of character witnesses for use in second stage, but does not know why they were not called. In sixteen supporting affidavits, character and family witnesses provide second stage evidence which would have been used if they had been called to testify. The evidence as set forth in this claim and as supported in the affidavits provides clear and convincing evidence there is a strong possibility that trial counsel was ineffective in failing to adequately prepare for trial and in failing to call second stage mitigation witnesses.

¶ 6  None of the rest of Appellant's claims warrant an evidentiary hearing. The evidence supporting Appellant's first[1] claim is in the appellate record and available for this Court's review. Therefore, there is no need for additional evidence to be gathered in an evidentiary hearing and presented to this Court. The other claims raised by Appellant contain only speculation and conjecture concerning counsel's effectiveness. His second claim is more of a complaint of prosecutorial misconduct than ineffective assistance of trial counsel.[2] His third claim is based upon the assertion that trial counsel should have moved to disqualify the district attorney's office because the lead prosecutor's son worked for the family of one of the victims.[3] However, Appellant has not stated a legal basis for the claim of disqualification. Therefore, there is not a strong possibility counsel was ineffective failing to seek the district attorney's removal.

¶ 7  In his sixth and ninth claims, Appellant compares his trial to a case tried subsequent to his by trial counsel.[4] This Court

1. In his first claim, Appellant argues counsel was ineffective for failing to object to the prosecution's strategy in the exercise of peremptory challenges thus failing to preserve the error prohibited by *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

2. In his second claim, Appellant argues the prosecution improperly delegated its decision on requesting the death penalty to the families of the victims.

3. In his third claim, he asserts trial counsel knew that the lead prosecutor's son worked for the family of victim Steven Verner, and should have moved to disqualify the office of the Pittsburg County District Attorney from trying Appellant's case.

4. In his sixth claim, Appellant argues counsel was lead counsel in *State v. Hale*, a case tried less than one month after Appellant's case, and that

will not indulge in such comparisons. Every criminal case is distinct and no two trials are alike. Therefore, to compare counsel's conduct in one trial to that in another is simply impossible and something this Court will not do.

■ ¶ 8 In his seventh and eighth claims, Appellant submits the record of the Pittsburg County District Court case of *State v. Hale* to argue that statements made by counsel in that case indicate he neglected crucial life without parole motions in Appellant's trial, and that he acknowledged that he could not hear the jury's responses to *voir dire* questions during Appellant's trial.[5] Explanation of the parole process and *voir dire* questioning on the nuances of the sentencing option of life without the possibility of parole is not permitted by our case law. *See Mayes v. State*, 887 P.2d 1288, 1318 (Okl.Cr.1994). Therefore, any failure on counsel's part to file certain motions pertaining to the life without parole option does not raise a strong possibility of ineffectiveness. Further, there is nothing in the record in Appellant's case to indicate that counsel was unable to adequately hear the juror's responses during *voir dire* or that his conduct was in any way compromised by any hearing difficulties.

■ ¶ 9 Finally, in his tenth claim Appellant argues counsel failed to seek forensic testing of a MAC 11 gun belonging to Steven Verner to determine if the gun fired any of the projectiles found. However, nothing in the supporting affidavit from Lisa Cooper, Investigator, Oklahoma Indigent Defense System, shows any evidence that would have exculpated Appellant. She only states that the data base shows that the MAC 11 and the Ruger of 9mm Luger caliber [like the murder weapon here] would produce projec-

tiles having similar dimensions. This is not sufficient information to warrant an evidentiary hearing.

¶ 10 Accordingly, we remand this matter to the District Court of Pittsburg County, Case No. CRF–95–570, for an evidentiary hearing solely on the fourth and fifth claims raised in Appellant's Application. The trial court shall conduct the evidentiary hearing within thirty (30) days from the date of this remand. Rule 3.11(B)(3)(b)(iii). The trial court shall make written findings of fact and conclusions of law to be submitted to this court within thirty (30) days of the evidentiary hearing, together with the transcripts of the proceeding. *Id.* The findings of fact and conclusions of law shall determine the availability of the evidence or witness at the time of trial; the effect of the evidence or witness on the trial court proceedings; whether the failure to use a witness or item of evidence was trial strategy; and whether such evidence or witness was cumulative or would have impacted the verdict rendered; and the adequacy of defense counsel's preparation for trial.

¶ 11 A supplemental brief not exceeding ten (10) pages and addressing only issues relevant to the evidentiary hearing may be filed by either party within fifteen (15) days after the trial court has filed its written findings and conclusions in this Court. Rule 3.11(B)(3)(b)(v).

¶ 12 **IT IS THEREFORE THE ORDER OF THIS COURT** that Appellant's Application for Evidentiary Hearing on Sixth Amendment claims is **GRANTED** solely as to the **FOURTH AND FIFTH CLAIMS** raised in the application.

¶ 13 **IT IS SO ORDERED.**

evidence from the record of the *Hale* trial indicates Appellant's case was sacrificed so that counsel could concentrate his defense in the *Hale* case. In his ninth claim, Appellant contends the *Hale* record indicates strenuous efforts to put on mitigation evidence in contrast to Appellant's case.

5. In his seventh claim, Appellant argues statements made by counsel indicate he neglected

crucial life without parole motions in Appellant's trial, and that filing dates show that counsel knew of or should have known of this issue early in Appellant's representation. In his eighth claim, Appellant asserts counsel acknowledged in the *Hale* record that he could not hear the jury's responses to *voir dire* questions during Appellant's trial.

¶ 14 **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 1st day of December, 1998.

/s/ Charles S. Chapel
CHARLES S. CHAPEL,
Presiding Judge

/s/ Reta M. Strubhar
RETA M. STRUBHAR,
Vice–Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
Judge

/s/ James F. Lane
JAMES F. LANE,
Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Judge

